```
Louis A. Coffelt, Jr.
email: Louis.Coffelt@gmail.com
231 E. Alessandro Blvd. Ste 6A-504
Riverside, CA 92508
Phone: (951) 790-6086
In Pro Per
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis A. Coffelt, Jr.<br>　　　Plaintiff,<br>　　v.<br>Nvidia, Corporation,<br>　　　Defendant,<br>　　v.<br>Autodesk, Inc.,<br>　　　Defendant,<br>　　v.<br>Pixar,<br>　　　Defendant. | Case No.:<br><br>**5:16-cv-00457 SJO(KK)**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS**<br>**RE: 35 U.S.C. § 101**<br><br>Date:　June 20, 2016<br>Time: 10:00 a.m.<br>Courtroom 1, 2nd Floor<br>Hon. S. James Otero |

TO: The Court,

　Nvidia, Corporation,

　Autodesk, Inc.,

　Pixar,

NOTICE OF SEPARATE ACTIONS

　The 3 separate Defendants filed a Motion to Dismiss [docket No. 34], filed May 13, 2016 herein referred to as ("Motion") based on 35 U.S.C. § 101, Inventions Patentable. In order to reduce a quantity of duplicated work for this Court, Plaintiff Louis A.

1  Coffelt, Jr. ("Coffelt") respectfully submits this Opposition to the
2  Motion in one reply.
3      Coffelt reserves the right to have a separate trial for each
4  Defendant on all issues raised in this action.

**TABLE OF AUTHORITIES**

6  35 U.S.C. § 282 Presumption of validity; defenses . . . . . page 7
7  35 U.S.C. § 101 Inventions patentable . . . . . . . . . . . page 5

**DEFINITIONS**

9      Definitions are attached in EXHIBIT 403.

**INTRODUCTION**

11      Defendants Nvidia, Corporation ("Nvidia"), Autodesk, Inc.
12  ("Autodesk"), and Pixar filed the Motion based on 35 U.S.C. § 101 for
13  lack of patentable subject matter. The patent at issue is U.S. Patent
14  No. 8,614,710 ("710 patent").
15      Coffelt opposes the Motion.
16      Defendants have focused their contentions on mathematical
17  portions of Coffelt's patent claims, and contend that all claims are a
18  mathematical algorithm. Defendants have categorized Coffelt's claim 1
19  element ("a particular steradian region of space") as being
20  ("information"). Defendants have not explained how ("a particular
21  steradian region of space") is abstract, or mathematical equation,
22  which vitiates the entire Motion.
23      Coffelt's patent claims comprise real objects which identify
24  Coffelt's fundamental inventive concept. ("a particular steradian
25  region of space") is a real object having a particular shape, size,
26  and location. This particular steradian space, and a steradian radius
27  comprises Coffelt's inventive step.
28      Coffelt's claims also comprise the element ("steradian radius"),

1 which is an intrinsic component of the steradian region of space. The
2 Radius has a finite value, and imposes limits on the claim.

### COFFELT'S INVENTIVE STEP

Coffelt's 710 patent includes a full, concise, and exact description of Coffelt's inventive step:

("A fundamental element of the present invention includes a
   steradian. A steradian is a particular region of space with
   a boundary defined by four vectors.")
      See 710 patent at 2:45-2:50


("Fig. 1 shows a perspective view of a steradian (5) in a
   right-handed 3 dimensional coordinate system....Steradian (5)
   is a region of space between these four boundary vectors,
   vector (6), vector (7), vector (8), and vector (9).")
      See 710 patent at 3:3-3:9

The 710 patent specification and drawings expressly describe that Coffelt's claimed invention comprises a steradian having a particular size, particular shape, and particular location. This steradian shape provides that numerous adjacent uniform steradian regions may exist. Each steradian region may have the same size and shape. *See* id.

This assembly of Coffelt's claimed steradian region of space provides that work can be executed on the steradian space. The work comprises the novel result of realistic high resolution complex 3D shadows.

("a computer calculating a particular steradian radius . . .")
      See 710 patent at 13:15

An additional component of Coffelt's Inventive Step comprises the

("steradian radius"). The Radius provides that, for the assembly of numerous steradian regions, a steradian density, steradian column index, and steradian row index may be derived. These values provide that a computer program can map [save in memory] the potentially billions of bytes of data pertaining to shadow derivation.

Evidence of Coffelt's novel results is provided in the complaint [docket 1], EXHIBIT 3, and EXHIBIT 4; Coffelt's Program [docket 26]; Coffelt's explanation of Coffelt's Program [docket 27].

To emphasize Coffelt's inventive step, more than 35 years of failed attempts have been directed to the 2 dimensional shadow map. One reason for these failures is, the 2 dimensional shadow map is comprised of numerous non-uniform regions of space.

In comparison, Coffelt's inventive step comprises a particular steradian region of space, which enables numerous uniform adjacent steradian regions of space may exist. Coffelt's inventive step has created realistic complex 3D shadows, whereas for the past 35 years, the prior art has been limited to only 2 dimensional shadows.

### 710 PATENT CLAIM 1

("a computer calculating a particular steradian region of space;")

*See* 710 patent at 13:13

*See* 710 patent at 2:45-2:50

*See* 710 patent at 3:3-3:9

For these reasons at the above 3 id., a meaning of this Claim 1 element [*See* id.] comprises, not limited to:

("a computer calculating **[ a boundary of ]** a particular steradian region of space **[ which brings a particular steradian region of space into existence ]**;")

The 710 patent specification, and Fig. 1 expressly shows the

1 vectors comprise a boundary of steradian space. Therefore, in this
2 Claim 1 element, ("calculating")[*See* id.] means, not limited to
3 ("calculating a boundary of"). This Claim 1 element [*See* id.] clearly
4 does not contain functional terms, or intended use terms.
5     For all of the above reasons, a computer calculation [*See* id.]
6 brings a particular steradian space, size, shape, and location into
7 existence in claim 1.
8
9         **(".. A steradian is a particular region of space...")**
10    *See* 710 patent at 2:45-2:50
11   ("space") exists literally in claim 1 *See* 710 patent at 13:13
12 *See* EXHIBIT 403.
13
14     For all of the above reasons, claim 1 terms
15 ("calculating")[*See* id.] and ("particular")[*See* id.] transforms
16 ("general space") into a ("particular steradian region of space").
17 Now, work can be executed on the steradian space, as shown in the
18 following:
19   **("a computer calculating a particular steradian radius of said**
20     **steradian region of space;")** *See* 710 patent at 13:15
21    This element positively recites back to the declaration of the
22 steradian space *See* 710 patent at 13:13. The ("steradian radius") is
23 an intrinsic component of the steradian space. This Radius provides
24 that steradian space density, steradian column index, and steradian
25 row index can be derived.
26
27   **("a computer calculating that said first position vector is located**
28     **in said steradian region of space;");** *See* 710 patent at 13:17

1  This element positively recites back to the declaration of the
2 steradian space. *See* 710 patent at 13:13
3
4    **("a computer calculating that said second position vector is**
5       **located in said steradian region of space;")**
6     *See* 710 patent at 13:21
7    This element positively recites back to the declaration of the
8 steradian space. *See* 710 patent at 13:13
9    For the above reasons, claim 1 element
10             **("a particular steradian region of space;")**
11             [*See* id.]
12             is a real 3 dimensional physical object.
13
14    The 710 patent claim 1 comprises a series of steps, including:
15   1. creating ("a particular steradian region of space");
16   2. creating ("a steradian radius")
17    For the above reasons, Coffelt's Claim 1 is a process, which is
18 one of the statutory categories of patentable inventions in
19 35 U.S.C. § 101.
20
21    For all of the above reasons, Coffelt's 710 patent Claim 1
22 includes an Inventive Step, and Real Physical Objects.
23
24    For all of the above reasons, Coffelt's claim 1 is not a judicial
25 exception to 35 U.S.C. § 101. Claim 1 is not abstract. All remaining
26 claims in the 710 patent are dependent on claim 1.  Therefore, all
27 remaining claims in the 710 patent are not abstract.
28    For all the above reasons, All claims in Coffelt's 710 patent are

1  in accordance with 35 U.S.C. § 101, Inventions Patentable.

## COFFELT'S USPTO PROSECUTION HISTORY

A review of the 710 patent prosecution history shows the United States Patent and Trademark Office ("USPTO") entered a rejection based on 35 U.S.C. § 101 Inventions Patentable. The USPTO indicated the claims are rejected under 35 U.S.C. § 101 based on the opinion that Coffelt's claims are abstract.

In the Detailed Action, Date 5/23/13, the Examiner used a ("machine-or-transformation") test as a basis for the 35 U.S.C. § 101 claim rejection. Also in the Detailed Action, at page 3, The Examiner states

*("It is noted that, while the machine-or-transformation test is an important tool in determining whether a claim is directed to an abstract idea,* **it is not the only tool.** *Thus, if applicant believes the above claims are not directed to abstract ideas, even though they fail the machine-or-transformation test, applicant should specifically set out reasons for this in reply to this action.")*

*See* Final Office Action of May 28, 2013 at 3

The above statement by the Examiner shows there is some degree of uncertainty about the 35 U.S.C. § 101 rejection. In his admission [as stated above] the Examiner did not use all tools available to determine validity of the rejection. For these reasons, the Examiner's 35 U.S.C. 101 rejection, is inconclusive.

At the time of preparing a reply to the above-identified § 101 rejection, Coffelt had a belief that the 35 U.S.C. § 101 rejection was inconclusive. However, Coffelt was uncertain about how to contend that

1  the claims are not abstract. Coffelt was faced with 2 options, either
2  submit an uncertain reply that the claims are not abstract, or add the
3  element ("a computer"). At the time of preparing the reply, Coffelt
4  believed the only suitable option was to amend claim 1 by adding
5  ("a computer").

6  **BASIS FOR OPPOSITION TO MOTION**

7  **35 U.S.C. 282 Presumption of validity**
8  (a) In General.—
9  A patent shall be presumed valid. Each claim of a patent (whether in
10  independent, dependent, or multiple dependent form) shall be
11  presumed valid independently of the validity of other claims;
12  dependent or multiple dependent claims shall be presumed valid even
13  though dependent upon an invalid claim. The burden of establishing
14  invalidity of a patent or any claim thereof shall rest on the party
15  asserting such invalidity. —
16
17  Defendants entire motion is based on a theory that Coffelt's
18  710 patent claims are abstract, except for a computer.
19  Defendants categorize
20  ("a steradian region") is ("information")
21  *See* the Motion [docket 34-1, at 14, line 3]
22
23  According to Coffelt's 710 patent and extrinsic definition
24  EXHIBIT 403, ("space") is ("a volume"). According to 710 patent, and
25  definition EXHIBIT 403, ("a particular steradian region of space")
26  comprises, not limited to: ("a volume having a particular size;
27  particular shape; and a particular location").
28  ("space") is a region, and real object, we all exist in.

1      For all of the above reasons,
2   ("**a particular steradian region of space**") is not **("information")**
3    ("**a particular steradian region of space**") is not **("abstract")**
4
5     Defendants have not explained how ("space") is ("information").
6     Defendants have not explained how ("space") is ("abstract").
7
8     "the mere recitation of a generic computer cannot transform
9      a patent-ineligible abstract idea into a patent-eligible
10       invention." See Alice, 134 S. Ct. at 2358
11        *See* the Motion [docket 34-1, at 9, line 23]
12     For all of the above reasons, Coffelt's claim 1 includes an
13  Inventive Step, and Real Objects. For all of the above reasons, this
14  section of Alice above, is not pertinent to Defendants Motion.
15
16   ("The mathematical formula involved here has no substantial
17     practical application except in connection with a digital
18     computer,…") See Gottschalk v. Benson, 409 U.S. 63, 71-72 (1972)
19       *See* the Motion [docket 34-1, at 11, line 25]
20     For all of the above reasons, Coffelt's claim 1 includes an
21  Inventive Step, and Real Objects. For all of the above reasons, this
22  section of Gottschalk above, is not pertinent to Defendants Motion.
23
24   (the first step in the Alice analysis is to "determine whether the
25     claims at issue are directed to one of those patent-ineligible
26     concepts," such as an "abstract idea").
27     See Alice, 134 S. Ct. at 2355
28     *See* the Motion [docket 34-1, at 12, line 8]

1    For all of the above reasons, the above-identified ("first step")
2  in Alice concludes that Coffelt's claim 1 is not abstract.
3    ("if a claim is directed essentially to a method of calculating,
4      using a mathematical formula, even if the solution is for a
5      specific purpose, the claimed method is nonstatutory").
6      See Parker v. Flook, 437 U.S. 584, 595 (1978)
7      *See* the Motion [docket 34-1, at 12, line 11]
8       For all of the above reasons, Coffelt's claim 1 includes an
9  Inventive Step, and Real Objects. For all of the above reasons,
10 Coffelt's claim 1 is Not essentially a mathematical formula.
11     For all of the above reasons, this section of Parker above is not
12 pertinent to the Motion.
13
14    see also Intellectual, 2015 U.S. Dist. LEXIS 129153, at *95
15     ("The steps recited in method claim 1 merely express a mathematical
16      algorithm.")
17     *See* the Motion [docket 34-1, at 12, line 16]
18      For all of the above reasons, Coffelt's claim 1 includes an
19 Inventive Step, and Real Objects. For all of the above reasons,
20 Defendants statement above [*See* id.] is incorrect.
21
22   ("Using mathematical equations or code sequences … and implementing
23     those code sequences on a generic computer does not make the
24     underlying idea to which the Patent is directed any less
25     abstract."). see also Intellectual Ventures I LLC v. Erie
26     Indemnity Co., 2015 U.S. Dist. LEXIS 129153, at * 95 (W.D. Pa.
27     Sept. 25, 2015)
28     *See* the Motion [docket 34-1, at 13, line 7]

1    For all of the above reasons, Coffelt's claim 1 includes an
2 Inventive Step, and Real Objects. For all of the above reasons, this
3 section of Intellectual is not pertinent to Defendants Motion.
4   see also Intellectual, 2015 U.S. Dist. LEXIS 129153, at *95
5    (implementing mathematical equations or code sequences on generic
6    computer not patentable).
7   See the Motion [docket 34-1, at 13, line 28]
8    For all of the above reasons, Coffelt's claim 1 includes an
9 Inventive Step, and Real Objects. For all of the above reasons,
10 Coffelt's claim 1 is Not a mathematical equation. For all of the above
11 reasons, this section of Intellectual above is not pertinent to the
12 Motion.

13

14  ("Because claim 1 only recites steps that constitute a mathematical
15    algorithm to manipulate existing information (vectors, steradian
16    region, the spatial relationship between the vectors and the
17    steradian region, and the length relationship between the two
18    vectors")
19   See the Motion [docket 34-1, at 14, line 2]
20    For all of the above reasons, Coffelt's claim 1 includes an
21 Inventive Step, and Real Objects.  For all of the above reasons,
22 Defendants statement that Coffelt's claim 1 is only a mathematical
23 algorithm is incorrect.
24
25   See Digitech Image Techs., LLC v. EFI, Inc., 758 F.3d 1344, 1351
26  (Fed. Cir. 2014)("Without additional limitations, a process that
27   employs mathematical algorithms to manipulate existing information
28   to generate additional information is not patent eligible.").

1    *See* the Motion [docket 34-1, at 14, line 6]

2      For all of the above reasons, Coffelt's claim 1 contains
3 additional limitations. For all of the above reasons, Coffelt's claim
4 1 includes an Inventive Step, and Real Objects.  For all of the above
5 reasons, this section of Digitech Image Techs., LLC is not pertinent
6 to Defendants Motion.

7

8   ("the Supreme Court determined to be patent ineligible in Benson.7
9    . . . Both are unpatentable as they recite nothing more than a
10     series of steps to execute a mathematical algorithm.")
11    *See* the Motion [docket 34-1, at 14, line 12]

12     For all of the above reasons, Coffelt's claim 1 includes an
13 Inventive Step, and Real Objects. For all of the above reasons, this
14 section of Benson above is not pertinent to Defendants Motion.

15

16   See Parker, 437 U.S. at 595 n.18 ("Very simply, our holding today is
17    that a claim for an improved method of calculation, even when tied
18    to a specific end use, is unpatentable subject matter under
19    § 101.").
20    *See* the Motion [docket 34-1, at 15, line 5]

21     For all of the above reasons, Coffelt's claim 1 includes an
22 Inventive Step, and Real Objects. For all of the above reasons,
23 Coffelt's claim 1 is Not merely ("an improved method of calculation")
24 or equivalent. For all of the above reasons, this section of Parker
25 above is not pertinent to Defendants Motion.
26

27   ("The prosecution history further confirms that the recited steps in
28     method claim 1 constitute a mathematical algorithm.")

1     *See* the Motion [docket 34-1, at 15, line 11]

2     For all of the above reasons above in COFFELT'S USPTO PROSECUTION
3 HISTORY contentions [at page 7], the prosecution history does Not
4 confirm claim 1 is a mathematical algorithm. For all of the above
5 reasons [at page 7], , the Examiner's 35 U.S.C. § 101 rejection is
6 inconclusive.

7

8   ("The PTO also stated that the pending claims are abstract because
9    the mathematical "calculations claimed can be done by a human
10    mentally or with a pen and paper." See Office Action of Jan. 31,
11    2013 at 2; Cybersource Corp. v. Retail Decisions, Inc., 654 F.3d
12    1366, 1372, 1373(Fed. Cir. 2011) ("a method that can be performed
13    by human thought alone is merely an abstract idea and is not
14    patent-eligible under § 101").")
15     *See* the Motion [docket 34-1, at 15, line 16]

16     For all of the above reasons, Coffelt's claim 1 includes an
17 Inventive Step, and Real Objects. For all of the above reasons, the
18 USPTO Examiner's contention "calculations claimed can be done by a
19 human mentally or with a pen and paper." [identified above] is
20 incorrect.

21

22   ("See Office Action of Jan. 31, 2013 at 2; Cybersource Corp. v.
23    Retail Decisions, Inc., 654 F.3d 1366, 1372, 1373(Fed. Cir. 2011)
24    ("a method that can be performed by human thought alone is merely
25    an abstract idea and is not patent-eligible under § 101").")
26     *See* the Motion [docket 34-1, at 15, line 18]

27     For all of the above reasons, Coffelt's claim 1 includes an
28 Inventive Step, and Real Objects.  For all of the above reasons, the

1  steps of Coffelt's claim 1 can not be performed by human thought
2  alone. For all of the above reasons, this section of Cybersource Corp.
3  is not pertinent to Defendants Motion.
4
5    ("See Alice, 134 S. Ct. at 2358 ("[T]he mere recitation of a generic
6     computer cannot transform a patent ineligible abstract idea into a
7     patent eligible invention."); Dealertrack, Inc. v. Huber, 674 F.3d
8     1315, 1333-34 (Fed. Cir. 2012) ("Simply adding a 'computer aided'
9     limitation to a claim covering an abstract concept, without more,
10    is insufficient to render the claim patent eligible.").")
11    *See* the Motion [docket 34-1, at 16, line 11]
12       For all of the above reasons, Coffelt's claim 1 includes an
13 Inventive Step, and Real Objects. For all of the above reasons,
14 Coffelt's claim 1 is not abstract. For all of the above reasons, this
15 section of Alice and Dealertrack is not pertinent to Defendants
16 Motion.
17
18   ("The asserted claims also fail the second step of the Alice test
19      because they contain no "inventive concept," ")
20    *See* the Motion [docket 34-1, at 16, line 25]
21       For all of the above reasons, Coffelt's claim 1 includes an
22 Inventive Step, and Real Objects. For all of the above reasons,
23 the above-identified [*See* id.] Defendants contentions is incorrect.
24
25   ("See Alice, 134 S. Ct. at 2355 ("We have described step two of this
26    analysis as a search for an inventive concept -- i.e., an element or
27    combination of elements that is sufficient to ensure that the patent
28    in practice amounts to significantly more than a patent upon the

1 ineligible concept itself.") (internal quotation marks and brackets
2 omitted). Rather, the claims do nothing more than state the abstract
3 idea to be applied using a generic "computer." See Alice, 134 S. Ct.
4 at 2357-60 (implementing abstract idea on conventional computers
5 does not impart patent eligibility); OIP Techs., Inc. v. Amazon.com,
6 Inc., 788 F.3d 1359, 1363 (Fed. Cir. 2015) (invalidating claims
7 directed to implementing abstract idea "on a generic computer"). ")
8     *See* the Motion [docket 34-1, at 17, line 1]
9      For all of the above reasons, Coffelt's claim 1 includes an
10 Inventive Step, and Real Objects. For all of the above reasons,
11 Coffelt's claim 1 is not abstract. For all of the above reasons, this
12 sections of Alice and OIP Techs., is not pertinent to Defendants
13 Motion.
14
15 ("The only conceivable technical or computer-related element in claim
16 1 is the generic "computer" for performing the algorithm, which the
17 PTO had incorrectly deemed sufficient to confer patent eligibility
18 before Alice clarified the law. See Accenture Global Servs., GmbH v.
19 Guidewire Software, Inc., 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("the
20 important inquiry for a § 101 analysis is to look to the claim"),
21 cert. denied (2014). Given that the claim lacks any information about
22 how the computer is programmed to perform the algorithm, it imparts
23 no "inventive concept" to the abstract idea. See Alice, 134 S. Ct. at
24 2357 ("the computer implementation did not supply the necessary
25 inventive concept … simply implementing a mathematical principle on a
26 physical machine, namely a computer, [i]s not a patentable
27 application of that principle."); Dealertrack, 674 F.3d at 1333
28 (ineligible claims failed to "specify how the computer [components]

1 are specially programmed to perform" the abstract idea of an
2 information clearinghouse).
3   *See* the Motion [docket 34-1, at 17, line 13]
4     For all of the above reasons, Coffelt's claim 1 includes an
5 Inventive Step, and Real Objects. For all of the above reasons,
6 Coffelt's claim 1 is not abstract.  For all of the above reasons,
7 Defendants contention [*See* id.] is incorrect. For all of the above
8 reasons, the above-identified sections of Alice, Accenture Global
9 Servs., GmbH, and Dealertrack are not pertinent to Defendants Motion.
10
11   ("Williamson v. Citrix Online, LLC, et al., No. CV 11-02409 SJO
12   (JEMx), slip op. at 13 (C.D. Cal. Feb. 17, 2016) ("the preferred
13   embodiment of the invention uses 'industry-standard personal
14   computer systems' … Given the ubiquity of computers, wholly generic
15   computer implementation is not generally the sort of 'additional
16   featur[e]' that provides any 'practical assurance that the process
17   is more than a drafting effort designed to monopolize the [abstract
18   idea] itself.'"). ")
19   *See* the Motion [docket 34-1, at 18, line 4]
20     For all of the above reasons, Coffelt's claim 1 includes an
21 Inventive Step, and Real Objects. For all of the above reasons,
22 Coffelt's claim 1 is not abstract. For all of the above reasons, the
23 above-identified sections of Williamson is not pertinent to Defendants
24 Motion.
25
26   ("See Alice, 134 S. Ct. at 2359. Thus, viewed as a whole, method
27   claim 1 simply recites a mathematical algorithm performed by a
28   generic computer. See id. ("In short, each step does no more than

1   require a generic computer to perform generic computer functions.").
2     See the Motion [docket 34-1, at 18, line 13]
3      For all of the above reasons, Coffelt's claim 1 includes an
4   Inventive Step, and Real Objects. For all of the above reasons,
5   Coffelt's claim 1 is not merely a mathematical algorithm. For all of
6   the above reasons, the above-identified sections of Alice is not
7   pertinent to Defendants Motion.

9    ("Claims 2-6 also recite patent-ineligible mathematical algorithms,
10    which either include an added step in the mathematical algorithm
11    recited in claim 1 or describe the environment for the mathematical
12    calculations. Also similar to claim 1, claims 2-6 recite nothing
13    more than a generic computer on which the mathematical algorithm
14    executes. ")
15     See the Motion [docket 34-1, at 18, line 19]
16      through [docket 34-1, at 20, line 11]
17      For all of the above reasons, Coffelt's claim 1, and dependent
18  claims 2-6 each include an Inventive Step, and Real Objects. For all
19  of the above reasons, Coffelt's claim 1, and claims 2-6 are not
20  abstract.  For all of the above reasons, Defendants contention at
21  [docket 34-1, at 18, line 19] through [docket 34-1, at 20, line 11] is
22  incorrect. For all of the above reasons, the above identified section
23  of Hewlett Packard Co.,  Alice, and Content Extraction, are not
24  pertinent to Defendants Motion.

## CONCLUSION

26    Defendants entire motion relies on the theory that Coffelt's 710
27  patent claims are either abstract, only a mathematical algorithm, or
28  contain no inventive concept.

Coffelt has clearly shown that Coffelt's 710 patent claims contain both an Inventive Step, and Real Objects. Coffelt's particular steradian region of space is not abstract. Space is not abstract.

Coffelt has answered each contention and each authority in Defendants Motion which clearly shows there is no legal basis supporting the Motion.

For all of the above reasons, Plaintiff Coffelt believes the Defendants Motion to Dismiss [docket No. 34] filed 5/13/2016, should be denied.

Date: **May 20, 2016**          By /s/ Louis A. Coffelt, Jr.

                                    Plaintiff

                                    In Pro Per

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 20th day of May, 2016, I electronically filed the foregoing document, PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS RE: 35 U.S.C. § 101 with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means: |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2016, I electronically filed the foregoing document, PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS RE: 35 U.S.C. § 101 with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

Michael G. Rhodes (116127)
rhodesmg@cooley.com
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Lowell D. Mead (223989)
lmead@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
NVIDIA CORPORATION

Carmen Lo (280441)
clo@whitecase.com
White & Case LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7832
Facsimile: (213) 452-2329

Jason Xu, *pro hac vice*
jxu@whitecase.com
White & Case LLP
701 Thirteenth Street, NW
Washington D.C. 20005
Telephone: (202) 626-6496
Facsimile: (202) 639-9355

```
1    Jeannine Yoo Sano (174190)
2    jsano@whitecase.com
3    White & Case LLP
     3000 El Camino Real
4    5 Palo Alto Square, 9th Floor
5    Palo Alto, CA 94306
     Telephone: (650) 213-0356
6    Facsimile: (650) 213-8158

7    Attorneys for Defendant
8    AUTODESK, INC.

9    Evan Finkel (100673)
10   evan.finkel@pillsburylaw.com
     Michael S. Horikawa (267014)
11   michael.horikawa@pillsburylaw.com
     Pillsbury Winthrop Shaw Pittman LLP
12   725 S. Figueroa Street, Suite 2800
13   Los Angeles, CA 90017-5406
     Telephone: (213) 488-7307
14   Facsimile: (213) 226-4058

15
     Attorneys for Defendant
16   PIXAR
```