1  [COUNSEL LISTED ON NEXT PAGE]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LOUIS A. COFFELT, JR., | No. 5:16-cv-00457 SJO-KK |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO FED. R. CIV. PROC. 59(e)** |
| v. | |
| NVIDIA CORPORATION, AUTODESK, INC., PIXAR, | Date: July 25, 2016 |
| Defendants. | Time: 10:00 a.m. |
| | Courtroom 1, 2nd Floor |
| | Hon. S. James Otero |

| | | |
|---|---|---|
| 1 | Carmen Lo (280441) | Michael G. Rhodes (116127) |
| 2 | clo@whitecase.com | rhodesmg@cooley.com |
|   | White & Case LLP | Cooley LLP |
| 3 | 555 South Flower Street, Suite 2700 | 101 California Street, 5th Floor |
| 4 | Los Angeles, CA  90071-2433 | San Francisco, CA 94111-5800 |
|   | Telephone:  (213) 620-7832 | Telephone:  (415) 693-2000 |
| 5 | Facsimile:  (213) 452-2329 | Facsimile:  (415) 693-2222 |

Jason Xu, *pro hac vice*  
jxu@whitecase.com  
White & Case LLP  
701 Thirteenth Street, NW  
Washington D.C.  20005  
Telephone:  (202) 626-3615  
Facsimile:  (202) 639-9355  

Lowell D. Mead (223989)  
lmead@cooley.com  
Cooley LLP  
3175 Hanover Street  
Palo Alto, CA 94304  
Telephone:  (650) 843-5000  
Facsimile:  (650) 849-7400  

Jeannine Yoo Sano (174190)  
jsano@whitecase.com  
White & Case LLP  
3000 El Camino Real  
5 Palo Alto Square, 9th Floor  
Palo Alto, CA  94306  
Telephone:  (650) 213-0356  
Facsimile:  (650) 213-8158  

Attorneys for Defendant  
NVIDIA CORPORATION  

Attorneys for Defendant  
AUTODESK, INC.  

Evan Finkel (100673)  
evan.finkel@pillsburylaw.com  
Michael S. Horikawa (267014)  
michael.horikawa@pillsburylaw.com  
Pillsbury Winthrop Shaw Pittman LLP  
725 S. Figueroa Street, Suite 2800  
Los Angeles, CA  90017-5406  
Telephone:   (213) 488-7307  
Facsimile:    (213) 226-4058  

Attorneys for Defendant  
PIXAR  

2  
No. 5:16-cv-00457-SJO-KK  
RESPONSE TO MOTION TO ALTER JUDGMENT

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 1

    A. Plaintiff Improperly Seeks To Relitigate the Same Arguments Already Considered and Rejected by the Court ....................................... 1

    B. Plaintiff Has Failed To Show Any Error, Let Alone "Clear Error" ......................................................................................................... 2

III. CONCLUSION ............................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

*Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*,
  No. 2015-1763, 2016 U.S. App. LEXIS 11687, at *1 (Fed. Cir. June 27, 2016) ........................................................................................................ 2

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999) .......................................................................... 1, 3

*Shortridge v. Found. Constr. Payroll Serv., LLC*,
  No. 14-cv-04850, 2015 U.S. Dist. LEXIS 81422, at *1 (N.D. Cal. June 23, 2015) ................................................................................................ 2

*Tawfilis v. Allergan, Inc.*,
  No. 15-cv-307, 2015 U.S. Dist. LEXIS 175629, at *1 (C.D. Cal. Dec. 14, 2015) ................................................................................................. 1, 2

**Statutes**

35 U.S.C. § 101 ...................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1

Fed. R. Civ. P. 59(e) .............................................................................................. 1, 3

L.R. 7-18 ............................................................................................................ 1, 2, 3

## I. INTRODUCTION

One day after the Court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for lack of patent-eligible subject matter under 35 U.S.C. § 101, *see* ECF No. 43, Plaintiff filed a motion to alter judgment under Fed. R. Civ. P. 59(e). Plaintiff contends that "there are no facts in this action which support" the Court's ruling, notwithstanding the extensive detailed reasoning set forth in the Court's Order that addresses all of the facts and arguments Plaintiff had raised in opposing the motion to dismiss. *See* ECF No. 45-1. Because Plaintiff's motion does not meet the requirements of Fed. R. Civ. P. 59(e) and fails to comply with the Local Rules of this Court, it should be denied.

## II. ARGUMENT

A motion to alter judgment under Fed. R. Civ. P. 59(e) is "an extraordinary remedy which should be used sparingly," granted only in "highly unusual circumstances." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (affirming denial of motion to alter judgment in absence of clear error). A party seeking to alter judgment must show (a) a material difference in fact or law that could not have been known to the moving party prior to the decision, (b) new material facts or a change of law after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. *See* L.R. 7-18; *Tawfilis v. Allergan, Inc.*, No. 15-cv-307, 2015 U.S. Dist. LEXIS 175629, at *3 (C.D. Cal. Dec. 14, 2015) (L.R. 7-18 coextensive with Fed. R. Civ. P. 59(e)). Plaintiff's motion does not fall within any of these grounds.

### A. Plaintiff Improperly Seeks To Relitigate the Same Arguments Already Considered and Rejected by the Court

Plaintiff does not contend that there are any new facts or law that could not have been known to him prior to the Court's decision granting Defendants' motion to dismiss, or that there are any new material facts that were discovered or a change

in law that occurred during the one day following the Court's decision.[1] Plaintiff also cannot point to any material fact that the Court did not already consider in rendering its decision. Instead, Plaintiff points to Exhibit 404 attached to his sur-reply that contained various webpages using the term "calculate," in order to rehash his position that calculating a steradian region of space is not abstract. *See* ECF No. 45-1 at 2; ECF No. 41. None of the arguments and facts in Plaintiff's Rule 59(e) motion were unknown prior to or newly discovered subsequent to the Court's decision granting the motion to dismiss. *See* ECF No. 43 at 1 n.1, 10-11. Plaintiff cannot relitigate old issues or re-present evidence already considered by the Court. *See also* L.R. 7-18 (motion for reconsideration may not repeat any argument made as part of original briefing); *accord Shortridge v. Found. Constr. Payroll Serv., LLC*, No. 14-cv-04850, 2015 U.S. Dist. LEXIS 81422, at *8 (N.D. Cal. June 23, 2015) (denying plaintiff's motion to reconsider for improperly relitigating arguments already raised in opposing motion under 35 U.S.C. § 101).

### B. Plaintiff Has Failed To Show Any Error, Let Alone "Clear Error"

Plaintiff does not even attempt to show how the Court erred in considering all of his arguments prior to the decision granting Defendants' motion to dismiss. *See Tawfilis*, 2015 U.S. Dist. LEXIS 175629, at *3 (denial of motion to reconsider deemed harmless error where court considered misstatements of facts that did not affect outcome). Plaintiff fails to explain how the alleged lack of facts in the record or the previously considered Exhibit 404 could possibly change the Court's conclusion that the claims of the '710 patent are unpatentable under the applicable

---

[1] Five days after Plaintiff filed his motion to alter judgment, the Federal Circuit issued its decision in *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, No. 2015-1763, 2016 U.S. App. LEXIS 11687, at *16 (Fed. Cir. June 27, 2016), holding that a specific method of filtering Internet content of the patent-in-suit was not generic or conventional. Since the claimed method in *Bascom* is distinguishable and the Federal Circuit confirmed that the Supreme Court's two-step framework is the proper test for Section 101 analysis, *see id.* at *11, this is not a change in the law and does not affect the Court's decision granting Defendants' motion to dismiss in this case.

1  law. Thus, there is no error, let alone the requisite "manifest error," to justify
2  granting the extraordinary remedy of post-judgment relief under Fed. R. Civ. P.
3  59(e) and the Local Rules. *See McDowell*, 197 F.3d at 1255 n.1; L.R. 7-18.

### III. CONCLUSION

Based on the foregoing, Autodesk, Inc., NVIDIA Corp., and Pixar respectfully request that the Court deny Plaintiff's motion to alter judgment pursuant to Fed. R. Civ. P. 59(e).

Dated: July 1, 2016

By: */s/ Carmen Lo*

Carmen Lo, SBN 280441
clo@whitecase.com
White & Case LLP
555 South Flower Street
Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7832

Jeannine Sano, SBN 174190
jsano@whitecase.com
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0356

Jason Xu, *pro hac vice*
jxu@whitecase.com
White & Case LLP
701 Thirteenth Street, NW
Washington D.C. 20005
Telephone: (202) 626-6496

Attorneys for Defendant
AUTODESK, INC.

| | | |
|---|---|---|
| 1 | Dated: July 1, 2016 | By: */s/ Michael G. Rhodes* |
| 2 | | |
| 3 | | Michael G. Rhodes (116127)<br>rhodesmg@cooley.com |
| 4 | | Cooley LLP<br>101 California Street, 5th Floor |
| 5 | | San Francisco, CA 94111-5800 |
| 6 | | Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222 |
| 7 | | |
| 8 | | Lowell D. Mead (223989)<br>lmead@cooley.com |
| 9 | | Cooley LLP |
| 10 | | 3175 Hanover Street<br>Palo Alto, CA 94304 |
| 11 | | Telephone: (650) 843-5000 |
| 12 | | Facsimile: (650) 849-7400 |
| 13 | | Attorneys for Defendant |
| 14 | | NVIDIA CORPORATION |
| 15 | Dated: July 1, 2016 | By: */s/ Evan S. Finkel* |
| 16 | | |
| 17 | | Evan S. Finkel (100673)<br>evan.finkel@pillsburylaw.com |
| 18 | | Michael S. Horikawa (267014)<br>michael.horikawa@pillsburylaw.com |
| 19 | | Pillsbury Winthrop Shaw Pittman LLP<br>725 S. Figueroa Street, Suite 2800 |
| 20 | | Los Angeles, CA 90017-5406 |
| 21 | | Telephone: (213) 488-7307<br>Facsimile: (213) 226-4058 |
| 22 | | Attorneys for Defendant PIXAR |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2016, I electronically filed the foregoing document, Response to Plaintiff's Motion to Alter Judgment Pursuant to Fed. R. Civ. Proc. 59(e), with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following parties and/or attorneys of record who have consented to accept this Notice as service of this document by electronic means:

> Louis A. Coffelt, Jr.
> 231 E. Allesandro Boulevard, Suite 6A-504
> Riverside, CA  92508
> Telephone:  (951) 790-6086
> Email:  Louis.Coffelt@gmail.com

> By */s/ Carmen Lo*
> Carmen Lo